## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA,

        Plaintiff,

      v.

GUY JACKSON,

        Defendant.

Crim. No. 20-161 (BRM)

**OPINION AND ORDER**

This matter comes before the Court upon Defendant Guy Jackson's ("Defendant") Motion for Release from Custody Pending Sentencing pursuant to 18 U.S.C. § 3142(i). The United States of America (the "United States") has opposed Defendant's Motion, and Defendant submitted a reply in further support of same.  The Court considers Defendant's Motion on the papers as no hearing is necessary.  *See United States v. Martin*, Criminal Case No. PWG-19-140-13, 2020 WL 1274857, *3 (D. Md. Marc. 17, 2020) (concluding defendant does not have statutory right to hearing on motion seeking to amend or reconsider prior detention order; instead decision to conduct hearing is within discretion of court); *United States v. Williams*, CRIMINAL NO. PWG-13-544, 2020 WL 1434130, * 1 (D. Md. Mar. 24, 2020) (noting that "[n]o hearing is deemed necessary.").

Defendant's request to be released from custody is based on the COVID-19 pandemic currently facing the nation.  The Court is acutely aware of the pandemic and the impact it has had on this District and the United States.  In rendering this decision, the Court has considered Defendant's health concerns against the backdrop of the current unprecedented health crisis facing the Country.

At the time of this Opinion and Order, global cases of COVID-19 have surged passed 6.5 million, with the United States accounting for over 1.9 million of same. (*Coronavirus Pandemic*, Worldometers, https://www.worldometers.info/coronavirus/ (last visited June 5, 2020, 11:51 am); *Coronavirus United States*, Worldometers, https:www.worldometers.info/coronavirus/country/us/ (last visited June 5, 2020, 11:51 am)). This District accounts for over 164,519 of the Nation's confirmed COVID-19 cases, while neighboring New York, the epicenter of the outbreak, accounts for over 380,000 of same. (*Id.*) There is no vaccine to prevent COVID-19, leaving social distancing measures as the best method to prevent the spread of the virus and limit the number of those who become infected with the disease. (*Coronavirus Disease 2019 (COVID-19): How to Protect Yourself & Others*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html (last visited June 5, 2020, 12:10 pm)). While these measures are imperfect, they have led to a substantial flattening of the curve. For example, in New Jersey the number of new COVID-19 cases being reported daily has dropped to below 1,000 a day for over a week, down from a daily high of new cases of over 4,300 in April. *Coronavirus United States*, Worldometers, https:www.worldometers.info/coronavirus/country/usa/new-jersey/ (last visited June 5, 2020, 12:21 pm)). Similarly, the number of active COVID-19 cases in New Jersey is also beginning to drop. (*Id.*) Nevertheless, people continue to contract and die from the disease.

In these times, the Court's role is especially important. The Court must work to ensure both the safety of those who appear before it and the public. With this responsibility in mind, after carefully considering Defendant's Motion and the United States' opposition thereto, and for the reasons set forth below, the Court denies Defendant's Motion for Release from Custody Pending Sentencing.

## I.      PROCEDURAL HISTORY

By Complaint dated November 27, 2018, the United States charged Defendant with conspiring from at least May 2017 through November 2018 to distribute and to possess with intent to distribute 100 grams or more of heroin (Count One,) and 500 grams or more of cocaine (Count Two), both contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(B) in violation of 21 U.S.C. § 846.  *U.S. v. Jackson, et al.*, Criminal Docket Number 18-mj-05045 (TJB), Docket Entry No. 1.  Defendant was charged as the lead defendant along with 14 co-defendants.  Defendant was arrested the following day on the charges outlined in the Complaint and had an Initial Appearance before the undersigned the same day.  *See* Minute Entry of Proceedings of 11/28/2018, Docket Entry No. 20. At the time of Defendant's arrest, he was under indictment in Middlesex County, New Jersey for possession with intent to distribute heroin and cocaine, along with related charges.  During his Initial Appearance, Defendant consented to detention without prejudice.  Order of Detention of 11/29/2018, Docket Entry No. 104.

On December 19, 2018, Defendant filed his First Motion for Release from Custody. Docket Entry No. 135).  The United States opposed Defendant's request for pretrial release, arguing based on Defendant's criminal history that he was both a flight risk and danger to the community.  The Court conducted a hearing on Defendant's First Motion for Release from Custody on January 3, 2019.  *See* Minute Entry of Proceedings of 1/3/2019, Docket Entry No. 139. During same, despite ultimately granting bail to all of Defendant's co-defendants, the Court determined that Defendant should remain detained.  Indeed, based on Defendant's extensive criminal history, including his escape from Kintock, continued drug involvement and constant CDS allegations, as well as the "significant… and … substantial" charges brought against Defendant in this Complaint (Transcript of Proceedings of 1/3/2019 at 18:24), the Court found that

there were no "conditions that would satisfy me that would reasonably assure his appearance, or that he's not a danger to the community. (*Id*. at 19:7-10). As a result, bail was denied and Defendant was required to remain in custody.

On February 18, 2020, Defendant pled guilty before the District Court to a one-count Information charging him with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A) in violation of 21 U.S.C. § 846. Criminal Docket Number 20-cr-161 (BRM), Docket Entry No. 284. This charge carries a statutory mandatory minimum term of imprisonment of 10 years and a maximum of life imprisonment. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant agreed that the Court should impose a sentence of between 12 and 17½ years' imprisonment. The District Court accepted Defendant's guilty plea, but reserved on the question of whether it would accept the plea agreement. At the plea hearing, the District Court ordered that Defendant continue to be detained. *See* Minute Entry of Proceedings of 2/18/2020, Docket Entry No. 288. Defendant's sentencing is scheduled to take place on August 4, 2020. *See* Reset Hearing of 3/25/2020.

In addition to pleading guilty to the charges brought in this Complaint, on May 12, 2020, Defendant pled guilty to charges pending in Middlesex County, New Jersey. Specifically, he pled guilty to two counts of second degree possession with intent to distribute and one count of financial facilitation. His sentencing in that matter is set to take place on August 6, 2020. The Middlesex County Prosecutor's Office agreed to recommend a sentence of 15 years with 7 ½ years' parole ineligibility to run concurrent to Defendant's federal sentence.

On May 18, 2020, shortly after pleading guilty to the charges pending in Middlesex County, Defendant filed the instant Motion for Release from Custody seeking bail based on the COVID-19 pandemic. In his Motion, Defendant notes that he suffers from asthma. Defendant

further notes that since being detained at the Monmouth County Correctional Facility (the "MCCI"), he has been prescribed Albuterol that is administered via a 25-minute nebulizer treatment every 6 hours.  These treatments, however, stopped when the MCCI went into lock down approximately two months ago due to the COVID-19 pandemic.  Further, Defendant argues that as an asthma sufferer he is at a higher risk of getting very ill from COVID-19 and that because of his detention he cannot take the precautions recommended by the CDC with respect to cleaning and disinfecting frequently touched surfaces and avoiding certain disinfectants that can trigger asthma attacks.  As a result, Defendant argues that "[t]he circumstances that existed when Mr. Jackson was ordered detained have now changed."  (Def. Br. at 9, Docket Entry No. 289-1).  Defendant claims that he should be released because the COVID-19 pandemic "poses a direct risk that is far greater if [he] continues to be detained during this public health crisis."  (*Id*.)  Indeed, Defendant contends that "[n]ot only does his continued detention contribute to a large prison population ripe for COVID-19 transmission, but he also has one of the most serious COVID-19 risk factors identified by the CDC."  (*Id*.)  Defendant maintains that the "Court should consider the 'total harm and benefits to prisoner and society' that continued pretrial imprisonment of Mr. Jackson will yield, relative to the heightened health risks posed to Mr. Jackson during this rapidly encroaching pandemic."  (*Id*. at 10 (citations omitted)).  Defendant argues that from his "perspective his life –not only his liberty—is on the line."  (*Id*. at 10)  As such, he has a "powerful incentive" to abide by any conditions of release the Court may impose.  (*Id*.)  For these reasons, Defendant claims that at a minimum, the Bail Reform Act demands his release for the duration of the COVID-19 outbreak.

The United States opposes Defendant's Motion.  In this regard, the United States argues that Defendant has failed to meet his burden of addressing both risk of flight and danger to the

community, as well as the exceptional reasons that exist supporting his release as required by 18

U.S.C. § 3143(a)(2).  Indeed, the United States notes that all the aforementioned requirements

must be met.  In order to be released, Defendant must establish by clear and convincing evidence

that he is neither a flight risk nor danger to the community, and Defendant must establish

exceptional reasons for why detention pending sentencing is inappropriate.  (*See* Def. Opp. Br. at

5 (citing *United States v. Wilson*, Cr. No. 17-0077 (JBS), 2017 WL 1351399, *2 (D.N.J. Apr. 7,

2017))).  The United States notes that exceptional reasons alone are not enough.  Further, the

United States argues that, despite his arguments to the contrary, Defendant has failed to establish

a change in circumstances regarding his status of a flight risk and danger to the community as

previously determined by the Court.

## II.     ANALYSIS

Under the Bail Reform Act (the "Act"), where a defendant is pending sentence, the Court

"shall order the person . . . be detained, unless the judicial officer finds by clear and convincing

evidence that the person is not likely . . . to pose a danger to the safety of any other person or the

community if released . . ."  18 U.S.C. § 3143 (a)(1).  Further, a person who has been found guilty

of an offense outlined in 18 U.S.C. § 3142(f)(1)(B) and (C) "shall . . . be detained" unless:

> (A) (i) the judicial officer finds there is a substantial
>      likelihood that a motion for acquittal or new trial will be
>      granted; or
>      (ii) an attorney for the Government has recommended
>      that no sentence of imprisonment be imposed . . .; and
> (B) the judicial officer finds by clear and convincing
>      evidence that the person is not likely to flee or pose a
>      danger to any other person or the community.

18 U.S.C. § 3143(a)(2).

As stated above, Defendant has pled guilty to a charge that carries a 10-year mandatory

minimum prison sentence.  As a result, neither of the conditions set forth in 18 U.S.C. §

3143(a)(2)(A) apply.  The Act, however, creates a limited exception to mandatory pre-sentence detention.  In this regard, if a person falls under that subsection but "meets the conditions of release set forth in section 3143(a)(1)," then that person "may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  18 U.S.C. § 3145(c).  In other words, "§ 3145(c) permits a judicial officer to release [a] defendant upon a showing by clear and convincing evidence that defendant is not likely to flee or pose a danger to the safety of any other person or the community, and that there are exceptional reasons why detention pending sentencing is inappropriate."  *Wilson*, 2017 WL 1351399 at *2.

In support of his Motion, Defendant relies primarily on 18 U.S.C. §3142(i).  This provision, however, is inapplicable to Defendant's Motion because §3142 addresses the release or detention of a defendant pending trial.  Defendant, here, has already pled guilty.  He is not pending trial.  However, § 3142(i) is similar to § 3145(c) in that § 3142(i) provides that a "judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States Marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for **another compelling reason**." (Emphasis added).  Here, Defendant presents arguments regarding risk of flight and danger to the community.  He also presents arguments regarding a compelling reason for his release now, *i.e.*, the COVID-19 pandemic.  The Court shall consider the arguments raised regarding the COVID-19 pandemic as Defendant's claim that exceptional reasons exist to permit his release pending sentencing.

As already recognized herein, in light of the COVID-19 pandemic, the Court considers Defendant's Motion with the utmost gravity.  While acknowledging the seriousness of the COVID-

19 pandemic, courts have none-the-less held that generalized concerns regarding the disease as well as speculation concerning conditions at a detention facility are insufficient to establish exceptional reasons warranting release under 18 U.S.C. § 3145(c).  *See United States v. Rollins*, Criminal Number 19-CR34S, 11-CR-251S, 2020 WL 1482323, *2 (W.D.N.Y. Mar. 27, 2020) (holding that "[a]s serious as it is, the outbreak of COVID-19 simply does not override the statutory detention provisions" and absent "a change in circumstances concerning [a defendant's] status as a flight risk and danger to another person or the community, detention pending sentence must be maintained."); *United States v. Jones*, No. Criminal No. 18-100, 2020 WL 1674145, *4 (W.D.Pa. Apr. 6, 2020) (holding that "speculation concerning present or future conditions involving COVID-19 at [a detention facility] does not suffice to establish exceptional reasons warranting release under 18 U.S.C. § 3145(c)."); *United States v. Raia*, 954 F.3d 594, 596-97 (3d Cir. 2020) (holding that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release.").

Some courts have determined that, under certain circumstances, the COVID-19 pandemic coupled with the fact that a defendant's preexisting health conditions place him at a higher risk of serious illness if COVID-19 is contracted qualifies as an exceptional reason supporting release under 18 U.S.C. § 3145(c) (*see, e.g., Unite States v. Lopez*, No. 19-CR-116 (KMW) (JLC), 2020 WL 1678806, *2 (S.D.N.Y. Apr. 6, 2020) (determining that defendant with serious asthma, lung damage and prior kidney failure "established exceptional reasons warranting his release pending sentencing" in light of COVID-19)).  Courts have also determined that the combination of COVID-19 with a defendant's underlying medical conditions that placed the defendant at a higher risk of serious illness if COVID-19 was contracted was insufficient to qualify as an exceptional reason under 18 U.S.C. § 3145(c).  *See, e.g., United States v. Stevens*, Criminal Action No. 19-350-02,

2020 WL 1888968, *4 (E.D.Pa. Apr. 16, 2020) (finding defendant who broadly described dangers of COVID-19, increased risk of COVID-19 transmission in detention facilities, and how he was at high risk for serious infection if he were to contract COVID-19 because of his age and diabetes "failed to clearly show an exceptional reason why his continued detention [wa]s inappropriate."); *United States v. Santana*, CRIM. NO. 1:19-CR-251, 2020 WL 1692010, *2, 6 (M.D. Pa. Apr. 7, 2020) (denying motion for temporary release pursuant to 18 U.S.C. § 3142(i) of defendant who suffered from "severe persistent asthma and sleep apnea[,]" noting that "the rising tide of current case law suggests that a diagnosis of asthma which is controlled through medication, standing alone, will not provide a compelling reason to overcome the presumption in favor of pretrial detention that exists when a defendant is indicted for serious and significant drug trafficking offenses[.]"; *United States v. Green*, Criminal No. 19-85, 2020 WL 1493561, *2 (W.D.Pa. Mar. 27, 2020) (denying motion for temporary release pursuant to 18 U.S.C. § 3142(i) of defendant who suffered from asthma, finding that potential for defendant's exposure to COVID-19 exists anywhere in community, jail had taken necessary steps and precautions to help stop spread of COVID-19, and defendant's medical needs were being met while incarcerated); *United States v. Morris*, Criminal No. 17-107(01) (DWF/TNL), 2020 WL 1471683, *2 n.3, 4 (D. Minn. Mar. 26, 2020 (finding that defendant did not present exceptional reason supporting release under 18 U.S.C. § 3145 (c) where defendant was 66-year old man who stated he underwent surgery for abdominal aortic aneurysm in 2016 and suffered from "diabetes, high blood pressure, high cholesterol and triglycerides, kidney stones, back pain, and hearing loss."); *United States v. Martin*, Criminal Case No. PWG-19-140-13, 2020 WL 1274857, *4 (D. Md. Mar. 17, 2020) (denying request for pretrial relief under 18 U.S.C. § 3142 despite defendant's argument that his underlying medical conditions, which included asthma, high blood pressure and diabetes, put him at higher risk for serious illness

if he contracted COVID-19).  Whether exceptional reasons exist is a "fact-intensive inquiry within the discretion of the. . . court, and for which a case by case evaluation is essential."  *United States v. Epstein*, Cr. No. 14-287 (FLW), 2016 WL 1435717, *2 (D.N.J. Apr. 12, 2016) (internal quotation marks and citations omitted).

Here, the Court finds that Defendant has failed to show by clear and convincing evidence that his detention would be inappropriate based on exceptional reasons.  Defendant's general concerns about COVID-19, even when considered in conjunction with his alleged underlying medical conditions, including asthma, nasal polyps, sleep apnea and possibly diabetes, are insufficient.  The Court reaches this decision despite the fact that Defendant has been unable to receive his nebulizer treatment, being left to make do with the use of inhaler that makes him feel jittery, and despite the fact that Defendant has been denied access to a CPAP machine or sleep study.

The Court notes that it has been in direct contact with the United States Marshals Service (the "USMS") regarding the care being provided to Defendant at MCCI.  It appears that numerous protocols have been implemented by MCCI to mitigate the risk of COVID-19 to the inmate population.  Further, as of May 26, 2020, MCCI reported that three inmates (one of whom is a federal inmate under the custody of the USMS) had previously tested positive for COVID-19, all of whom are now listed as recovered.  An additional federal inmate was treated as a presumptive positive, having tested negative, but having been treated as if that was a false negative.  In addition, as of May 26, 2020, 10 inmates (down from 15 on May 14, 2020), including one federal inmate (down from 3 on May 14, 2020), were on medical quarantine.  Further, on June 4, 2020, the USMS advised that Defendant was not being denied any medical treatment due to COVID-19 restrictions, but rather the care being provided represented what the medical staff at MCCI determined was

10

necessary based on Defendant's specific medical presentment.  While that medical staff did not believe that a CPAP was medical necessary, the USMS confirmed that MCCI would accept one if provided by the family.[1]    Notably, when faced with similar facts, the court in *United States v. Clancy*, Criminal No. 19-329, 2020 WL 1599340, *3 (W.D.Pa. Apr. 1, 2020), denied the motion to be released pending sentencing of defendant who suffered from asthma.  This Court considers, as did the court in *Clancy*, that the jail has taken necessary steps and precautions to help stop spread of COVID-19 and that the defendant's medical needs are being met in prison.

Moreover, even had the Court determined that Defendant established an exceptional reason showing why his continued detention would be inappropriate, the Court would nevertheless deny his Motion for Release from Custody Pending Sentencing because the Court finds that Defendant has failed to establish by clear and convincing evidence that he is not a flight risk or danger to the community.  Importantly, when the Court initially ruled on bail, the Court determined that there were not "any conditions that would satisfy me that would reasonably assure his appearance, or that he's not a danger to the community."  (Transcript of Proceedings of 1/3/2019 at 19:7-10). While Defendant argues that circumstances due to the "extraordinary nature of COVID-19" have changed the balance of the equation (Deft. Reply Br. at 5), the Court disagrees.  For example, even considering Defendant's father's willingness to post his home as part of the bail conditions, Defendant, who has already demonstrated a proclivity toward escape, has an additional incentive to flee:  as stated above, Defendant has pled guilty to charges that carry a mandatory minimum of at least 10 years and a maximum of life in prison.  Defendant has also consented to a term of

---

[1] Defense counsel who has been zealously advocating on behalf of Defendant and who has been in contact with the USMS regarding Defendant's medical needs can contact the USMS to arrange for a family member to bring the CPAP machine to MCCI.

imprisonment of at least 12 years. This substantial term of incarceration presents an incentive to flee.

In addition, Defendant remains a danger to the community. Defendant has a lengthy criminal history, mostly for narcotics distribution, that has resulted in him being either in custody or under criminal charges for nearly the entirety of his adult life. Defendant has time and again demonstrated his disregard for the rules, and his willingness to continue distributing drugs in the community. Most tellingly, Defendant committed the present offense for which he has pled guilty while out on pretrial release. This establishes an obvious willingness to violate conditions of release. In sum, Defendant has failed to establish by clear and convincing evidence that the terms of bail he proposes will prevent him from continuing his established pattern of rule breaking and harm to the community. For these reasons, Defendant's Motion is denied.

## III.    CONCLUSION AND ORDER

Having determined that Defendant has failed to establish by clear and convincing evidence that he is neither a flight risk nor an immediate danger to the community, and that Defendant has failed to establish by clear and convincing evidence exceptional reasons why detention pending sentencing is inappropriate, Defendant's Motion for Release from Custody Pending Sentencing is denied.

For the reasons stated above, and for other good cause shown,

**IT IS** on this 9th day of June, 2020

**ORDERED** that Defendant's Motion for Release from Custody Pending Sentencing is DENIED.

s/Tonianne J. Bongiovanni
HON. TONIANNE J. BONGIOVANNI, U.S.M.J.
UNITED STATES MAGISTRATE JUDGE