**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>GUY JACKSON,<br><br>    Defendant. | Case No. 3:20-cr-00161 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendant Guy Jackson's ("Jackson") Motion for Reduction of Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (the "Motion"). (ECF No. 308.) Plaintiff, the United States of America (the "Government"), filed an opposition to Jackson's Motion. (ECF No. 311.) Jackson filed a reply. (ECF No. 312.) The parties appeared for oral argument on June 27, 2023. (ECF No. 314.) Having reviewed the parties' submissions filed in connection with the Motion and having heard oral argument pursuant to Federal Rule of Civil Procedure 78(a)[1], for the reasons set forth below and for good cause having been shown, Jackson's Motion is **DENIED**.

**I.    BACKGROUND**

On February 18, 2020, Jackson pleaded guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure to a one-count Information, which charged that, from on or about

---

[1] The Court reserved judgment after hearing oral argument and instructed the parties to file supplemental submissions addressing whether a detainer is on record for Jackson's state case; the health of his wife, LaShawn Mealing; the status of Jackson's state court appeal; and the status of Jackson's request for a CPAP machine. (*See* ECF Nos. 314, 315.)

May 2017 through on or about November 2018, Jackson knowingly and intentionally conspired and agreed with others to distribute and possess, with intent to distribute, one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846. (ECF No. 287.) On December 3, 2021, the Court imposed a sentence of two-hundred months of imprisonment and five years of supervised release. (ECF No. 302.)

Jackson is fifty-one years old and is currently serving his sentence at FCI Beckley in Beaver, West Virginia. (ECF No. 311 at 4.) He has committed no disciplinary infractions during his time in the custody of the Federal Bureau of Prisons ("BOP"), and suffers from several medical conditions including sleep apnea, asthma, obesity, nasal polyps, and deteriorating vision. (*Id.* at 9–10.) Jackson has declined all offers to receive the COVID-19 vaccine. (Ex. A, Jackson Medical Records at 79). He alleges the BOP has failed to provide sufficient medical care for his medical conditions, and that he is under extremely burdensome conditions due to the COVID-19 Pandemic (the "Pandemic). (*Id.* at 2, 9-10.) Additionally, Jackson alleges his wife, Lashawn Mealing ("Mealing"), has severe health issues and requires significant assistance to complete basic day-to-day tasks. (*Id.* at 10.) Mealing has been living without Jackson's assistance for over eighteen months, and has received help from a neighbor, her mother, and Jackson's father. (*Id.*)

On March 31, 2023, Jackson filed his Motion for Reduction of Sentence. (ECF No. 308.) On May 1, 2023, the Government opposed the motion. (ECF No. 311.) On May 18, 2023, Jackson filed a reply. (ECF No. 312.)

**II.    LEGAL STANDARD**

A district court may modify a sentence of imprisonment only in "limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010). One such circumstance is compassionate release

pursuant to 18 U.S.C. § 3582(c)(1)(A). The statute, as amended by the First Step Act of 2018, allows a motion for such relief to be brought by either the Director of the BOP or by defendants after exhausting their administrative remedies. 18 U.S.C. § 3582(c)(1)(A); *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020). A court may reduce a sentence if the court finds the following: (1) there are "extraordinary and compelling reasons" which warrant a reduction; (2) the reduction would be "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the applicable sentencing factors under 18 U.S.C. § 3553(a) indicate reducing the sentence would be appropriate. 18 U.S.C. § 3582(c)(1)(A).

The United States Sentencing Commission has promulgated a policy statement (the "Policy Statement"), allowing, in relevant part, a court to grant compassionate release or a sentence reduction upon a finding of (i) extraordinary and compelling reasons; (ii) the defendant is not a danger to the safety of others or to the community; and (iii) release from custody complies with the Section 3553(a) factors, to the extent applicable. *United States v. Williams*, No. 17-0379, 2021 WL 37536, at *2 (D.N.J. Jan. 4, 2021) (citing U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 1B1.13 (U.S. Sentencing Comm'n 2018)).

Neither Section 3582(c)(1)(A) nor the Policy Statement define the key terms "extraordinary and compelling," which "provid[es] courts with some flexibility and discretion to consider the unique circumstances of a motion for compassionate release." *United States v. Batista*, No. 18-415, 2020 WL 4500044, at *2 (D.N.J. Aug. 5, 2020). The Sentencing Commission has defined the term "under the previous version of section 3582(c)(1)(A)," but it has not "updated its Policy Statement since the passage of the First Step Act." *United States v. Alexander*, No. 19-32, 2020 WL 2507778, at *3 (D.N.J. May 15, 2020) (citing *Rodriguez*, 451 F. Supp. 3d at 397). Nevertheless, "the present Policy Statement provides useful guidance for district courts in

identifying extraordinary and compelling reasons for a defendant's eligibility for compassionate release." *United States v. Gwaltney*, No. 17-00381, 2020 WL 5983161, at *2 (D.N.J. Oct. 8, 2020).

The "Policy Statement provides that a defendant may demonstrate extraordinary and compelling reasons for compassionate release based on: (1) the medical condition of the defendant; (2) the age of the defendant; (3) the defendant's family circumstances; or (4) for 'other reasons.'" *Id.* (citing U.S.S.G. § 1B1.13 cmt. n.1). The defendant's "[m]edical [c]ondition," constitutes an extraordinary and compelling reason when:

> (i) The defendant is suffering from a terminal illness . . . ; [or]
> (ii) The defendant is—
>   (I) suffering from a serious physical or medical condition,
>   (II) suffering from a serious functional or cognitive impairment, or
>   (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13 cmt. n.1(A).

"Compassionate release is discretionary, not mandatory; even if a defendant is eligible, a district court may deny compassionate release upon determining that a sentence reduction would be inconsistent with the § 3553(a) factors." *United States v. Parnell*, No. 21-2312, 2022 WL 73754, at *1 (3d Cir. Jan. 7, 2022).

### III. DECISION

#### A. Exhaustion of Remedies

The Government does not dispute Defendant satisfied the statutory exhaustion requirement.[2] (ECF No. 163 at 1 n.1.) The Court, therefore, considers whether (1) "extraordinary

---

[2] Section 3582(c)(1)(A) provides a court entertains a motion for compassionate release only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal

and compelling reasons" warrant a sentence reduction; and (2) "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i).

### B. "Extraordinary and Compelling Reasons" and the Policy Statement

#### 1. Jackson has Not Identified a Terminal Illness

Defendant has not identified a "terminal illness" under the Policy Statement. U.S.S.G. § 1B1.13 cmt. n.1(A)(i).[3] A "terminal illness" that constitutes an extraordinary and compelling reason for release means "a serious and advanced illness with an end of life trajectory," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia." *Id.* Here, Defendant has not made such a showing.

#### 2. Jackson's Medical Conditions

Jackson argues that the Pandemic remains a concern for him because he has three health conditions that are each considered "high risk factor for death" from COVID-19 by the CDC: sleep apnea, asthma, and obesity. (ECF No. 308 at 11.) Jackson concedes that the "[P]andemic is presently much less of a concern now that it was between 2020-2022," (ECF No. 308 at 2), but also argues that the restrictions imposed in response to the Pandemic has caused a decline in his treatment quality that creates "extraordinary and compelling" circumstances that warrant his release.

Courts consistently consider two components when inquiring about the existence of

---

a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]" *See United States v. Epstein*, No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020) (emphasis omitted) (quoting 18 U.S.C. § 3582(c)).

[3] The Sentencing Commission's Policy Statement found in application note 1(A)(ii) to U.S.S.G. § 1B1.13, while not binding on this Court, may be considered by the Court in its "extraordinary and compelling" analysis. *United States v. Jefferson*, No. 21-2020, 2021 WL 4279626, at *2 (3d Cir. Sep. 21, 2021) (citing *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021)).

extraordinary and compelling reasons: "(a) identification of a medical condition that renders the defendant particularly vulnerable to serious consequences if infected with COVID-19; and (b) the likelihood of COVID-19 infection, with particular reference to conditions in the institution in which the defendant is incarcerated." *United States v. Moore*, No. 19-101, 2020 WL 4282747, at *3 (D.N.J. July 27, 2020).

The Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *Raia*, 954 F.3d at 597. The mere presence of COVID-19 in a prison does not entitle every offender with a medical condition to compassionate release. *See, e.g.*, *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020).

Accordingly, "[f]or the prisoner's health to count as an extraordinary and compelling reason," Jackson must overcome a "high bar." *United States v. Estevez-Ulloa*, No. 21-2432, 2022 WL 1165771, at *1 (3d Cir. Apr. 20, 2022). Most importantly, the Third Circuit concluded "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *Id.* at *2 (quoting *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021)). Therefore, against the backdrop of Jackson's access to the COVID-19 vaccine, his refusal of the COVID-19 vaccine "undermines any claim that his risk of contracting the virus justifie[s] relief." *United States v. Rene*, No. 22-1642, 2022 WL 1793023, at *1 (3d Cir. June 2, 2022).

Sleep apnea is not listed as a risk factor for COVID-19 by the CDC.[4] *See* CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

---

[4] Jackson has deferred to the Government to provide the Court with the requested information regarding the providing of a CPAP machine for Jackson in prison. (ECF No. 317 at 1.) Even though sleep apnea is not listed as a risk factor for COVID-19 by the CDC, "the BOP states that the manufacturer of the CPAP machine for Jackson has informed the BOP that the machine is scheduled to ship at the end of [August]." (ECF No. 316 at 2.)

precautions/people-with-medical-conditions.html (last updated May 11, 2023). However, "[a]sthma, if moderate or severe, is among the medical conditions that the Centers for Disease Control list as presenting an increased risk of severe illness from a COVID-19 infection." *United States v. Alston*, No. 03-844, 2023 WL 2238297, at *4 (D.N.J. Feb. 27, 2023) (citing CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html). Obesity (a body mass index greater than 30) is also listed as a condition that could increase the risk of an individual for severe COVID-19-related complications. However, "having a listed condition does not automatically satisfy the standard in the [P]olicy [S]tatement" *Id.* Both asthma and obesity have been frequently rejected as a basis for satisfying the standard. *See, e.g., id.*; *United States v. Hernandez,* No. 06-736-5, 2022 WL 17820248 (D.N.J. Dec. 19, 2022); *United States v. McNair*, 481 F. Supp. 3d 362, 369–70 (D.N.J. 2020); *United States v. Zaffa*, No. 14-050-4, 2020 WL 3542304, at *2–4 (D.N.J. June 29, 2020); *United States v. Munoz*, No. 15-324, 2020 WL 7074351, at *3 (D.N.J. Dec. 3, 2020); *United States v. Preschel*, No. 19-186, 2021 WL 3930716, at *3 (D.N.J. Sept. 2, 2021). Further, Jackson fails to allege that his asthma is being inadequately treated, (ECF No. 308 at 9 ("Jackson . . . use[s] an inhaler at least four times every day"), and has refused to receive the COVID-19 vaccine (Ex. A, Jackson Medical Records at 79).

Accordingly, the Court finds Jackson has not shown his medical conditions create an extraordinary and compelling reason for his compassionate release, in part, because his refusal of the COVID-19 vaccine "undermines any claim that his risk of contracting the virus justifie[s] relief." *Rene*, 2022 WL 1793023, at *1.

### 3. Jackson's Family Circumstances

Jackson agues extraordinary and compelling reasons to justify his release exist because

Mealing requires significant assistance to complete even the most basic day-to-day tasks and that no one besides Jackson can provide the care that she needs. (ECF No. 308 at 10.)

Although not determinative, the current guidance by the Sentencing Commission as incorporated by § 3582(c) is instructive. *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021), *cert. denied*, 142 S. Ct. 1446 (2022) ("The court correctly recognized that although the [P]olicy [S]tatement is no longer binding, it still sheds light on the meaning of extraordinary and compelling reasons."). The comments to the Policy Statement, U.S.S.G. § 1B1.13, state that in reducing a sentence the court may consider the defendant's "family circumstances," that is, whether there is "incapacitation of the caregiver of the defendant's minor child" or the "incapacitation of the defendant's spouse . . . when the defendant would be the only available caregiver for the spouse." *Id.* § 1B1.13 cmt. 1(C)(i)–(ii).

Here, Jackson has not shown he is the only available caregiver for a family member because he alleges that his father, Mealing's mother, and a neighbor have been assisting Mealing since his confinement. (ECF No. 308 at 10.) Nor does the need to care for elderly or ill family members generally rise to the level of an extraordinary and compelling circumstance warranting release. *United States v. Siberio-Rivera*, No. 17-00320-6, 2020 WL 7353367, at *1 (E.D. Pa. Dec. 15, 2020) (quoting *United States v. Moore*, No. 14-209-2, 2020 WL 7024245, at *5 (E.D. Pa. Nov. 30, 2020)); *see also United States v. Canzater*, No. 18-578, 2022 WL 1602163, at *10 (D.N.J. May 20, 2022) (finding an insufficient basis for compassionate release where the defendant had not established his constant presence was required to care for his ailing mother or that no other arrangements were available). It is not clear what Mealing's health status is. The Court considered her poor health at her sentencing and found that a special condition of twenty-four months of home detention would be sufficient. The Court later reduced this special condition to merely a curfew to

further accommodate her health issues. However, she is still awaiting to be sentenced for her state court conviction and has failed to appear for her scheduled sentencing and a bench warrant for her arrest has been issued. (ECF No. 316 at 2.) Therefore, it is unlikely that Mealing will remain able to receive assistance from Jackson for much longer. Accordingly, Jackson's family circumstances do not present an extraordinary and compelling reason for his compassionate release.

C.  **Section 3553(a) Factors**

Even if the Court were to find extraordinary and compelling reasons were present, Jackson has not demonstrated early release would be appropriate under § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

Jackson claims he has "undertaken extraordinary measures to better himself while in prison" including: working as a chef, providing meals to the officers of the jail; completing a forklift class and obtaining his Operator Driving Certificate; taking additional classes such as Self-Study Post-Release Prep, Self-Study Job Search Skills, Self-Study Pre-Release Prep, SHU ACE GED Thinking Skills 2, and SHU Early AM History-Pre 1800; and taking the Test for Adult Basic Education to prepare for the GED. (ECF No. 308 at 12.) He also claims he has served a significant portion of his sentence despite serving less than one-third of his 200-month sentence. (*Id.*) The Government counters that the nature and circumstances of the offense and the inherent seriousness of the offense do not warrant relief. (ECF No. 311 at 13–15.) Additionally, Jackson has a detainer on record for his New Jersey state criminal case; therefore, a release from his federal sentence would still not allow him to return home.[5] (ECF No. 316 at 1.) The Court agrees with the Government and concludes the Section 3553(a) factors favor continued confinement.

---

[5] Jackson has deferred to the Government to provide the Court with the requested information regarding Jackson's detainer for his New Jersey state criminal case. (ECF No. 317 at 1.) According to the Government's submission, Jackson would be immediately transferred to New Jersey

The Court applauds Jackson's significant efforts to better himself while incarcerated and encourages him to continue his path of education. Nonetheless, the Court finds the applicable sentencing factors under Section 3553(a) do not weigh in favor of granting Jackson's motion for compassionate release and reducing his sentence. The Court agrees with the Government that the nature and circumstances of Jackson's offense are serious.

Jackson pleaded guilty to conspiracy to distribute and possess with intent to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin. The Court concludes Jackson's serious offense requires "a significant period of incarceration," *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020), and the Court's conclusion remains the same as when the Court sentenced Jackson. *See United States v. Moore*, 2020 WL 4282747, at *8 (denying compassionate release based on section 3553(a) factors although defendant only had four months remaining on sentence). Jackson has only served approximately five years of his sixteen-year-and-eight-month sentence. Accordingly, because Jackson has failed to demonstrate the applicable sentencing factors under Section 3553(a) indicate reducing his sentence would be appropriate, the Motion must be **DENIED**.

IV. **CONCLUSION**

For the reasons set forth above, Jackson's Motion is **DENIED**. An appropriate order follows.

>   */s/ Brian R. Martinotti*
>   **HON. BRIAN R. MARTINOTTI**
>   **UNITED STATES DISTRICT JUDGE**

Dated: August 16, 2023

---

authorities to serve his fifteen-year sentence with that jurisdiction if the Court were to release him from his federal sentence notwithstanding his pending appeal of his state court judgment. (ECF No. 316 at 1–2.)